NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3350

JESICA RIVERA,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

_____

DECIDED: June 22, 2005

_____

Before MAYER, RADER, and DYK, Circuit Judges.

PER CURIAM.

Jesica Rivera ("Rivera") seeks review of the final decision of the Merit Systems Protection Board ("Board"). See Rivera v. Soc. Sec. Admin. No. NY0752030352-I-1 (M.S.P.B. March 31, 2004) ("Decision"). We affirm.

BACKGROUND

Rivera was employed as a Special Agent ("SA"), GS-07, Criminal Investigator, by the Social Security Administration ("SSA"), Office of the Inspector General ("OIG"). During orientation at a required training program at the Inspector General Criminal Investigator Academy ("IGCIA") in August, 2002, all students received a document that explicitly prohibited "copying from another student's work"; required that "all work submitted by a student be the sole product of that a student"; and noted that "[v]iolations of this requirement are grounds for dismissal from training." (J.A. at 113.)

On August 16, 2002, Rivera was observed working on a document during class, "highlighting areas and . . . making deletions." Decision at 6-7. Subsequent analysis of the assignments submitted that day revealed that Rivera's submission was essentially identical to that of Special Agent Donly ("Donly"), a classmate of Rivera's who was not her assigned partner, and that no other students in the class had submitted assignments as similar. Id. at 4, 7. Donly later admitted that he had provided Rivera with a diskette containing his work. Rivera acknowledged using the diskette, but denied copying Donly's work. Rivera was expelled from the IGCIA for violating the code of conduct on August 16, 2002.

An independent investigation of Rivera's dismissal was conducted by the SSA-OIG's Division of Quality Assurance and Professional Responsibility. The Investigations Committee of the President's Council on Integrity and Efficiency reviewed the results of the SSA-OIG investigation and the decision to expel Rivera, and in so doing "unanimously voted to support the Academy's recommendation that [Rivera] not be allowed to return." (J.A. at 171.)

After review of the evidence gathered by different agencies involved, a June 4, 2003, letter was issued proposing Rivera's removal from the Federal Service. On June 6, 2003, Rivera requested a 30-day extension to respond to the June 4, 2003 proposal. This request was denied by the deciding official on June 10, 2003. Accompanied by counsel, Rivera submitted an oral response on July 1, 2003. The deciding official found Rivera's removal fully warranted, after considering Rivera's response and the relevant Douglas factors. He noted Rivera's "numerous false and contradictory statements [and that her] . . . continued failure to accept responsibility and . . . repeated attempts to

blame others further demonstrate[] the fact that [she] could not be entrusted with the tremendous responsibility associated with police powers." (J.A. at 68.)

On appeal, the Board determined that the agency had proved all the charges against Rivera by a preponderance of the evidence. In sustaining all the charges, the Board rejected Rivera's version of events, including her statements that she was never instructed to read the code of conduct; that she did not copy Donly's work but only used his format as a model for her own work; and that she did not falsely assert the assignment had been completed before class. Decision at 18-19.

The Board sustained the first charge of failure to follow written instructions, finding Rivera's testimony that "she was not instructed to read her handbook" to be "incredible" and that the "record shows that all the students were instructed . . . that copying was not allowed." Id. at 14. The charge of failure to follow oral directives was also sustained, with testimony from IGCIA staff that students were directly instructed not to copy during orientation characterized as unbiased, "straightforward, consistent, and corroborated" and conflicting testimony from other witnesses discredited. Id. at 16. In sustaining the charge of making false statements, the administrative judge also relied on credibility determinations. Id. at 19-20. The charge for conduct unbecoming a federal law enforcement officer was sustained despite Rivera's "adamant[] testi[mony] that she did not cheat or copy from Mr. Donly." Id. at 21. The final charge, lack of fitness for duty, was also sustained as Rivera was unable to complete required training at IGCIA due to her permanent expulsion. Id. at 24. The Board also found Rivera unfit for duty because of an "incurable . . . Giglio problem" that would "create a significant issue should the appellant be called to testify in her capacity as a law enforcement

officer." Id. at 24-25.[1]

The Board further determined that Rivera did not prove her asserted affirmative defenses of prohibited discrimination and harmful procedural error, and found the requisite nexus between Rivera's proven misconduct and the efficiency of the service. The penalty of removal was found to be reasonable and the agency's action upheld. The decision of the Board became final on May 5, 2004. Rivera timely appealed. We have jurisdiction to review the Board's decision pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must sustain the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). [2]

On appeal, Rivera contends that the Board's findings were not supported by substantial evidence. However, Rivera points to no factual finding lacking in evidentiary support. Rather, Rivera asks this Court to disregard the factual findings and credibility determinations of the Board and to substitute our own, de novo, weighing of the evidence. This we cannot do. Bieber v. Dep't of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002); Kumferman v. Dep't of the Navy, 785 F.2d 286, 290 (Fed. Cir. 1986).

Rivera further argues that the Board erred by finding that she violated the code

---

[1]    Under Giglio v. United States, 405 U.S. 150 (1972), the government must relinquish, upon request, any personnel-related information on a government witness which is favorable to the defense.

[2]    The government contends that Rivera has "waive[d] any review of the issues she presents in her brief by her failure to address the board's findings that she copied and modified the work of another student." (Gov. Br. at 18)  This argument is without merit, and we reject it.

04-3350                                    4

of conduct.  She contends that the code of conduct was inapplicable, as the task at issue contemplated working together with a partner, and because the assignment was ungraded.  This argument is without merit.  The rules clearly prohibited copying of student work and do not distinguish between graded and ungraded assignments; that Rivera did not work with her assigned partner on the task did not permit her to copy the work of another student.

Contrary to Rivera's assertions, the agency was under no obligation to grant Rivera an extension in responding to the notice of proposed removal, nor was there an obligation to provide Rivera with confidential documents at the time of the agency action (the documents having been provided during the Board proceeding).  The Board correctly found that Rivera has failed to establish the occurrence of any procedural error.  Bross v. Dep't of Commerce, 389 F.3d 1212, 1218 (Fed. Cir. 2004).

Rivera's other arguments are also unavailing.  The administrative judge did not abuse his discretion in halting irrelevant lines of inquiry.  Spezzaferro v. F.A.A., 807 F.2d 169, 173 (Fed. Cir. 1986).  There was no abuse of discretion by either the agency or the Board in the penalty determination.  Gonzales v. Def. Logistics Agency, 772 F.2d 887, 889 (Fed. Cir. 1985).

## CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

## COSTS

No costs.